UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:05-cr-522-T-33TGW

JOHN ANDREW DOCAMPO, JR.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant John Andrew Docampo, Jr.'s pro se second construed Motion for Compassionate Release (Doc. # 328), filed on September 8, 2020. The United States responded on September 23, 2020. (Doc. # 330). For the reasons set forth below, the Motion is denied.

**I.  Background**

In February 2008, the Court sentenced Docampo to 270 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine, possession of a firearm in furtherance of a drug trafficking crime, and conspiracy to possess a firearm in furtherance of a drug trafficking crime. (Doc. # 243). In 2017, the Court granted Docampo's Motion for Retroactive Application of Sentencing Guidelines, reducing his total sentence to 229 months' imprisonment. (Doc. # 321, 328). Docampo is 33 years old and

1

his projected release date from Forest City Low FCI is February 29, 2024. (Doc. # 330).

Docampo previously filed a construed Motion for Compassionate Release on May 12, 2020 (Doc. # 325), which the Court denied without prejudice for failure to exhaust administrative remedies. (Doc. # 327). In this Motion, Docampo seeks compassionate release because of the COVID-19 pandemic and to care for his parents. (Doc. # 328). Docampo also requests that he be appointed counsel. (Id. at 2).

The United States has responded. (Doc. # 330). The Motion is now ripe for review.

## II. **Discussion**

The United States argues that the Motion should be denied on the merits because Docampo has not demonstrated "an extraordinary and compelling reason to grant compassionate release." (Doc. # 330 at 10). The Court agrees and holds that, even if Docampo has exhausted his administrative remedies, the Motion must be denied.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Indeed, under Section 3582(c)(1)(A)(i),

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all**

2

> **administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Docampo does not allege that he has exhausted his administrative remedies. (Doc. # 328). Although Docampo states that he filed a request with the Warden, which was denied, he provides no proof that he appealed this denial. (Id. at 2). Thus, while the United States does not discuss whether he has exhausted his administrative remedies (Doc. # 330), Docampo has not demonstrated that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to

3

bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of his facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

However, even if Docampo has exhausted his administrative remedies, the Court denies the Motion because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Docampo bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)

4

("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Docampo argues that the Court should grant him compassionate release because of the COVID-19 pandemic and because he would like to help take care of his parents, who are both sixty-two-years old. (Doc. # 328 at 1-2). However, none of these reasons are extraordinary and compelling such that they warrant release. See United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020) (finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Docampo has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

While Docampo's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Because the Court finds that Docampo's Motion must be denied, his request for appointment of counsel is also denied. See United States v. Bryant, No. cr-416-345, 2020 WL 4939119, at *2 (S.D. Ga. August 24, 2020) (denying request for appointment of counsel as moot following denial of motion for compassionate release).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant John Andrew Docampo, Jr.'s pro se second construed Motion for Compassionate Release (Doc. # 328) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE